[Cite as *State v. Thomas*, 2026-Ohio-1951.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | | |
|---|---|---|
| STATE OF OHIO | | C.A. No. 31420 |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| ELLIS L. THOMAS | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No. CR 2024-06-1918 |

DECISION AND JOURNAL ENTRY

Dated: May 27, 2026

HENSAL, Judge.

{¶1} Ellis Thomas appeals his convictions for having weapons while under disability and aggravated menacing by the Summit County Court of Common Pleas. For the following reasons, this Court affirms in part and reverses in part.

I.

{¶2} T.T. called 911 after she learned that Mr. Thomas had come to her house, threatening to kill her. Although Mr. Thomas did not have a firearm in his possession at the time officers arrested him, a video of the front porch showed Mr. Thomas pulling a firearm out of his pocket as he entered the house. The Grand Jury indicted Mr. Thomas for one count of having weapons while under disability and one count of aggravated menacing. A jury found him guilty of the offenses, and the trial court sentenced him to thirty months imprisonment. Mr. Thomas has appealed, assigning three errors. Because Mr. Thomas has argued his first and second assignments of error together, this Court will address them together.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED BY ENTERING GUILTY FINDINGS AGAINST APPELLANT FOR THE CHARGES OF HAVING WEAPONS WHILE UNDER DISABILITY AND AGGRAVATED MENACING, IN THE ABSENCE OF SUFFICIENT EVIDENCE.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED BY ENTERING GUILTY FINDINGS AGAINST APPELLANT FOR THE CHARGES OF HAVING WEAPONS WHILE UNDER DISABILITY AND AGGRAVATED MENACING, AS THE JURY VERDICTS WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, CONTRARY TO DUE PROCESS.

{¶3} In his first assignment of error, Mr. Thomas argues that his conviction for having weapons while under disability is not supported by sufficient evidence. In his second assignment of error, he argues that the conviction is against the manifest weight of the evidence. Whether a conviction is supported by sufficient evidence is a question of law, which we review de novo. *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). In carrying out this review, our "function . . . is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Id*.

{¶4} On the other hand, when considering a challenge to the manifest weight of the evidence, this Court is required to consider the entire record, "weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Otten*,

33 Ohio App.3d 339, 340 (9th Dist. 1986). "A reversal on this basis is reserved for the exceptional case in which the evidence weighs heavily against the conviction." *State v. Croghan*, 2019-Ohio-3970, ¶ 26 (9th Dist.).

{¶5} Regarding the sufficiency of the evidence, Mr. Thomas argues that the officers did not find a firearm on his person or in his vehicle and also did not see one in T.T.'s house. Mr. Thomas also points out that T.T. testified that she did not know him to ordinarily carry a firearm. He further argues that the video and photographs presented were not clear enough to establish he was wielding a firearm when he came to T.T.'s house.

{¶6} Officer Jack Knox testified that he recovered a firearm from T.T.'s house, which he said he obtained from an individual who had been at the house at the time Mr. Thomas arrived. According to the officer, the firearm was the same type as the one the video showed Mr. Thomas removing from a pocket as he was entering the house. The State submitted video camera footage as well as still photographs that show Mr. Thomas holding a firearm. We, therefore, conclude there is sufficient evidence to support Mr. Thomas's conviction for having weapons while under disability.

{¶7} Regarding the manifest weight of the evidence, Mr. Thomas argues that the evidence was too weak to sustain his conviction. He also notes that there was no evidence that establishes that a firearm that was submitted during trial was the one he allegedly had at the time of the incident.

{¶8} As the trier of fact, the jury was "free to believe all, part, or none of the testimony of each witness." *Prince v. Jordan*, 2004-Ohio-7184, ¶ 35 (9th Dist.), citing *State v. Jackson*, 86 Ohio App.3d 29, 33 (4th Dist. 1993). In addition, "[a] conviction is not against the manifest weight because the [trier of fact] chose to credit the State's version of events." *State v. Peasley*, 2010-

Ohio-4333, ¶ 18 (9th Dist.). Upon review of the record, we cannot say that the jury lost its way when it found that Mr. Thomas had a weapon while under disability and that a new trial is necessary to prevent a manifest miscarriage of justice. Mr. Thomas's first and second assignments of error are overruled.

## ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED TO APPELLANT'S PREJUDICE IN INSTRUCTING THE JURY, CONTRARY TO DUE PROCESS, AS THE JURY INSTRUCTIONS CONTRAVENED THE INDICTMENT.

{¶9} In his third assignment of error, Mr. Thomas argues that this Court should reverse his conviction for aggravated menacing because the jury instruction for that offense did not name the same individual as the indictment. He notes that the indictment named D.B. as the victim while the jury instructions named T.T. and her minor daughter D.H. He also notes that D.B. did not testify and that the State did not present any evidence that he created an apprehension of fear in D.B.

{¶10} The State agrees that the jury instructions were incorrect. It also agrees that the error is plain because the error is obvious and affected the outcome of the trial. It further agrees that it did not present any evidence that Mr. Thomas menaced D.B.

{¶11} Upon review of the record, we agree that Mr. Thomas has established that the trial court issued jury instructions that incorrectly identified the victim of the aggravated menacing count. Mr. Thomas's third assignment of error is sustained.

## III.

{¶12} Mr. Thomas's first and second assignments of error are overruled. His third assignment of error is sustained. The judgment of the Summit County Court of Common Pleas is

affirmed in part, reversed in part, and remanded with instructions for the trial court to vacate Mr. Thomas's conviction of aggravated menacing.

Judgment affirmed in part,
reversed in part,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

FLAGG LANZINGER, P. J.
SUTTON, J.
CONCUR.

APPEARANCES:

DONALD K. POND, Attorney at Law, for Appellant.

ELLIOT KOLKOVICH, Prosecuting Attorney, and C. RICHLEY RALEY, JR., Assistant Prosecuting Attorney, for Appellee.